IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00649-LTB-MEH

DAVID EARL ANTELOPE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
J.M. WILNER,
DR. POLLAND,
DR. KELLAR, and
SUSAN BONFIGLIO,

    Defendants.

---

**ORDER ON DEFENDANTS' MOTION FOR STAY OF DISCOVERY
AND PROTECTIVE ORDER**

---

Pending before the Court is Defendants' Motion to Stay Discovery and for Protective Order [filed September 17, 2008; docket #41]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the matter has been referred to this Court. The matter is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court ORDERS that Defendants' Motion to Stay Discovery and for Protective Order is **granted in part and denied in part**.

**I.    Background**

Plaintiff is a federal prisoner incarcerated at Florence Federal Correctional Institution. Pursuant to 28 U.S.C. § 1331 and *Bivens*,[1] Plaintiff filed his initial complaint on March 31, 2008,

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

against the Federal Bureau of Prisons ("BOP"), Dr. Kellar, Dr. Polland, and Susan Bonfiglio. (Docket #3-2.) Plaintiff characterizes Dr. Kellar, Dr. Polland, and Susan Bonfiglio as "medical provider[s]," who provide medical care at the prison. (Docket #34 at 3.) Plaintiff filed an Amended Complaint on August 26, 2008, which was accepted by the Court on September 2, 2008. (Dockets #34, 36.) In his Amended Complaint, Plaintiff named the United States of America, and J. M. Wilner, Warden of the Florence Federal Correctional Institution, as additional defendants. (Docket #34 at 2.) Plaintiff alleges the defendants "willfully failed to provide" care and treatment for his "life threatening mental illness." (*Id.* at 3.) Construing the Amended Complaint liberally, the Court infers three claims presented by Plaintiff: 1) Defendants failed to provide Plaintiff with care and treatment other than prescribing medications to treat Plaintiff's mental illness in violation of the Federal Tort Claims Act and the Eighth Amendment prohibition against cruel and unusual punishment; 2) Defendants violated 18 U.S.C. §§ 4241-47 by not recognizing, examining, and treating Plaintiff's "severe" mental illness; and 3) Defendants violated 18 U.S.C. § 3621(b) by not transferring Plaintiff from Florence Federal Correctional Institution to a mental health facility. (*Id.* at 4-6.) As relief, Plaintiff requests mental health care and treatment needed "to stabilize his condition," transfer to a BOP facility "properly equiped (sic) and staffed to treat the plaintiff's existing infirmatives (sic)," and money damages including costs and fees related to his action. (*Id.* at 9.)

Defendants the United States, the BOP, and Dr. Kellar (hereinafter "Defendants") filed their Motion to Dismiss on September 10, 2008. In their Motion, Defendants assert Plaintiff fails to state a claim of deliberate indifference, fails to state a claim based on any statutory provision, and in any event, Dr. Kellar is protected by qualified immunity. Defendants then filed the Motion to Stay

Discovery and for Protective Order presently before the Court on September 17, 2008. (Docket #41.)

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from significant discovery until a ruling is issued on their pending Motion to Dismiss. A stay of all discovery is generally disfavored in this District. *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

> The following five factors guide the Court's determination:
>
> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-1934, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a partial stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but

his interest is offset by Defendants' burden. Here, Defendant Kellar filed a Motion to Dismiss the claims against him on jurisdictional grounds, based upon qualified immunity. Courts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved. *See, e.g., Siegert v. Gilley,* 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). On balance, the Court finds that the potential harm to Plaintiff is outweighed by the burden on Defendant resulting from conducting and responding to discovery while his Motion to Dismiss is pending.

The remaining *String Cheese* factors (*i.e.*, the Court's efficiency and interests of nonparties and the public in general) do not prompt a different result. *See String Cheese,* 2006 WL 894955, at *2. However, the mere pendency of a Motion to Dismiss on jurisdictional grounds does not entitle Defendants to a complete and indefinite stay, especially here where the other Defendants are not claiming a defense of immunity. *Rome v. Romero,* 225 F.R.D. 640, 643-45 (D. Colo. 2004) (limiting stay of discovery to claims subject to dismissal on jurisdictional grounds only). Moreover, although Defendants argue that a ruling on its Motion to Dismiss would dispose of the entire matter, such is not the case here, where other individual Defendants have been recently served and are [assumably] preparing answers or other responses to the Amended Complaint. Therefore, the Court will impose a stay of discovery as to Defendant Kellar, but discovery will proceed as against the other Defendants in this case.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery and for Protective Order [filed September 17, 2008; docket #41] is **granted in part** and **denied in part** as set forth herein.  Discovery is stayed only as to Defendant Kellar, pending resolution of Defendants' Motion to Dismiss.  Discovery shall proceed as against the other Defendants in this action, and Defendants shall respond to Plaintiff's written discovery in accordance with this order **on or before December 5, 2008**.  The parties shall file a status report within three business days of receiving a ruling on the Motion to Dismiss, indicating what changes in the Scheduling Order are needed.

Dated at Denver, Colorado, this 24th day of November, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge