IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00649-LTB-MEH

DAVID EARL ANTELOPE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
J.M. WILNER,
DR. POLLAND,
DR. KELLAR, and
SUSAN BONFIGLIO,

    Defendants.

---

## RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are Defendants the United States, the Bureau of Prisons ("BOP") and Kellar's Motion to Dismiss Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed September 10, 2008; docket #39] and Defendants Wilner, Polland, and Bonfiglio's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed December 29, 2008; docket #69].[1] These matters have been referred to this Court for recommendation. 28 U.S.C. § 636(b)(1)(A); D.C. Colo. LCivR 72.1.C. (Dockets #40, 74.) The Motions are fully briefed, and oral argument would not materially assist the Court in their adjudication. For the reasons set forth below, the Court RECOMMENDS Defendants' Motions to Dismiss be **GRANTED IN PART AND**

---

[1] Both Motions to Dismiss assert essentially the same arguments. In the interests of judicial efficiency and economy, the Court addresses both Motions to Dismiss in this recommendation.

**DENIED WITHOUT PREJUDICE IN PART**.[2]

I.     **Background**

Plaintiff is a federal prisoner incarcerated at Florence Federal Correctional Institution. Pursuant to 28 U.S.C. § 1331 and *Bivens*,[3] Plaintiff filed his initial complaint on March 31, 2008, against the Federal Bureau of Prisons ("BOP"), Dr. Kellar, Dr. Polland, and Susan Bonfiglio. (Docket #3-2.) Plaintiff characterizes Dr. Kellar, Dr. Polland, and Susan Bonfiglio as "medical provider[s]," who the Court assumes provide medical care at the prison. (Docket #34 at 3.) Plaintiff filed an Amended Complaint on August 26, 2008, which was accepted by the Court on September 2, 2008. (Dockets #34, 36.) In his Amended Complaint, Plaintiff named the United States of America and J. M. Wilner, Warden of the Florence Federal Correctional Institution, as additional defendants. (Docket #34 at 2.) Plaintiff alleges the defendants "willfully failed to provide" care and treatment for his "life threatening mental illness." (*Id*. at 3.) Construing the Amended Complaint liberally, the Court infers three claims presented by Plaintiff: 1) all six Defendants "intentionally and deliberately withheld medical care" from Plaintiff and prescribed medications causing "seizures, memory loss, confusion, anizaity [sic], and severe depression" to Plaintiff for treatment of his mental

---

[2]Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[3]*See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

illness in violation of the Eighth Amendment prohibition against cruel and unusual punishment;[4] 2) Defendants violated 18 U.S.C. §§ 4241-47 by not recognizing, examining, and treating Plaintiff's "severe" mental illness; and 3) Defendants violated 18 U.S.C. § 3621(b) by not transferring Plaintiff from Florence Federal Correctional Institution to a mental health facility.[5] (*Id*. at 4-6.) As relief, Plaintiff requests mental health care and treatment needed "to stabilize his condition," transfer to a BOP facility "properly equipped (sic) and staffed to treat the plaintiff's existing infirmatives (sic)," and money damages including costs and fees related to his action. (*Id*. at 9.)

Defendants the United States, the BOP, and Dr. Kellar filed their Motion to Dismiss on September 10, 2008, and a Motion to Stay Discovery on September 17, 2008. (Docket #39, 41.) In their Motions, these Defendants assert Plaintiff fails to state a claim of deliberate indifference, fails to state a claim based on any statutory provision, and in any event, Dr. Kellar is protected by qualified immunity. After service was completed on Defendants Wilner, Bonfiglio, and Polland, these Defendants filed a Motion to Dismiss and a Motion to Stay Discovery and for Protective Order on December 29, 2008. (Dockets #69-70.) These Motions reiterate many of the same arguments presented in the other three Defendants' Motion to Stay and Motion to Dismiss. The Court granted a complete stay of discovery in this matter on January 27, 2009, pending resolution of the two Motions to Dismiss. (Docket #79.)

In adjudicating the Defendants' Motions to Dismiss, the Court first addresses Plaintiff's statutory claims for relief as described in Plaintiff's Claim Two and Claim Three. Second, the Court

---

[4]Although Plaintiff identifies "Tort Claims Act" in the "PARTIES" section of his pleading, Plaintiff does not include the Federal Tort Claims Act as a jurisdictional basis in "JURISDICTION" nor does he plead facts giving rise to an FTCA claim. Therefore, the Court construes his deliberate indifference claims as invoking only the Eighth Amendment.

[5]Plaintiff also asserts Fed. R. Civ. P. 35 as a source of jurisdiction, which the Court addresses within this recommendation. *See infra* pp. 7-8. (Docket #34 at 4.)

evaluates Plaintiff's Eighth Amendment claims in the contexts of the relief he requests against each named Defendant, as described in his Claim One.[6]

## II. Standard of Review

### A. *Failure to State a Claim*

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). As the Tenth Circuit explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

### B. *Dismissal of a Pro Se Plaintiff's Complaint*

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not

---

[6]Notably, Plaintiff's Complaint does not identify whether the individual Defendants are sued in individual or official capacity, therefore the Court evaluates both capacities for each individual Defendant.

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### III. Plaintiff's Statutory Claims

#### A. 18 U.S.C. §§ 4241-47

Chapter 313 of the United States Code governing "Offenders with Mental Disease or Defect" includes 18 U.S.C. §§ 4241-47. Section 4241's provisions apply to the procedure of filing a motion for a hearing to determine the mental competency of a defendant "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence," as well as the procedure regarding the hearing to make such determination. As Plaintiff has already been sentenced, is currently serving such sentence, and is not released under

probation or supervision, this statute is on its face inapplicable to the matter at hand.

Section 4242 provides for a motion for pretrial psychiatric or psychological examination if the defendant in a criminal matter intends to rely on the defense of insanity at the time of the offense. Section 4243 applies to the "hospitalization of a person found not guilty only by reason of insanity." Section 4244 provides for the filing of a motion to determine the present mental condition of a convicted defendant within ten days after such defendant is found guilty and prior to that defendant's sentencing. Section 4245 allows the government to request a mental health evaluation if an incarcerated person who is transferred to a facility for mental health care challenges such transfer. Section 4246 designates procedure for hospitalizing a person due for release yet suffering from a mental health condition that could endanger others. Section 4247 explains definitions, terms, reporting, and other general provisions for Chapter 313.

Plaintiff believes these statutory provisions place an obligation on Defendants to "immediately recognize, examine, and treat" Plaintiff's mental illness. (Docket #34 at 6.) However, because Plaintiff's trial has concluded, and Plaintiff is currently serving his sentence and has not been transferred to a specialized facility, these listed provisions are also facially inapplicable to the facts and do not provide a plausible cause of action in this matter. Therefore, Plaintiff fails to state a claim based on 18 U.S.C. §§ 4241-47, and Plaintiff's Claim Two should be dismissed.

### B.     *18 U.S.C. § 3621(b)*

18 U.S.C. § 3621(b) establishes factors the Bureau of Prisons must consider when determining the place of a prisoner's imprisonment. The Tenth Circuit determined Section 3621(b) gives the Bureau of Prisons discretion in designating where the prisoner is incarcerated, qualified by "clear and unambiguous congressional intent that all placement and transfer determinations be carried out with reference to each of the five factors enumerated in § 3621(b)(1)-(5)." *Wedelstedt*

*v. Wiley*, 477 F.3d 1160, 1165-66 (10th Cir. 2007). However, Section 3621(b) "gives primary authority to the executive branch to determine the facility where a prisoner should be placed." *United States v. Roberts*, 190 F. App'x 717, 720 (10th Cir. 2006) (evaluating District Court's determination that prisoner's request based on Section 3621(b) for transfer due to medical needs should be brought pursuant to 42 U.S.C. § 1983 or *Bivens*, and holding such Section 3621(b) claim fails because it is reserved for executive branch authority (citing *Prows v. Federal Bureau of Prisons*, 981 F.2d 466 (10th Cir. 1992))).

Plaintiff argues Defendants violated their duty under Section 3621(b) to place Plaintiff in a facility with "necessary resources" to treat Plaintiff's mental health. (Docket #34 at 7.) Consistent with the Tenth Circuit's conclusion in *Roberts*, Plaintiff's medical needs claim based on Section 3621(b) is improper and must be determined pursuant to *Bivens*. Furthermore, the Court may not intrude on the Bureau of Prison's discretion and executive branch authority under the facts of this case. Therefore, Plaintiff fails to state a claim based on 18 U.S.C. § 3621(b), and Plaintiff's Claim Three should be dismissed.

### C.     *Federal Rule of Civil Procedure 35*

Plaintiff lists Federal Rule of Civil Procedure 35 as a basis for jurisdiction in this matter, but does not elaborate beyond the listing. (Docket #34 at 4.) Rule 35 authorizes the Court to order a person in custody to "submit to a physical or mental examination" if the mental or physical condition of that person is "in controversy." Such order may be issued "only on motion for good cause shown." Here, Plaintiff moved for an examination pursuant to Rule 35 which the Court denied on November 10, 2008, because the use of Rule 35 to obtain medical care and treatment or complain of deliberate indifference to medical needs is improper. *See Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997). (Dockets #53, 56.) Therefore, Plaintiff's assertion of jurisdiction pursuant to Rule

7

35 should be dismissed.

IV.   **Plaintiff's Eighth Amendment Claims**

Plaintiff's Claim One centers around allegations that Defendants acted "intentionally and deliberately" in withholding treatment of Plaintiff's "serious life threatening mental illness." (Docket #34 at 5.) The Court, concurrent with its obligation to do so, construes that Plaintiff brings a claim for deliberate indifference to his medical needs pursuant to the Eighth Amendment. Plaintiff requests prospective injunctive relief of mental health care and treatment needed "to stabilize his condition" and transfer to a BOP facility "properly equipped [sic] and staffed to treat the plaintiff's existing infirmatives [sic],"[7] as well as money damages including costs and fees related to his action. (*Id*. at 9.) The following sections evaluate Plaintiff's requests for injunctive relief and money damages in the context of an Eighth Amendment claim against each named Defendant and determines whether such claim may survive Defendants' Motions to Dismiss.

For the reasons stated below and regarding Plaintiff's Claim One, the Court recommends Defendants' Motions to Dismiss be granted as to the BOP as a party, Plaintiff's claims for injunctive relief against the individually named defendants in their individual capacities, Plaintiff's claims against the individually named defendants in their official capacities, and Plaintiff's claims for money damages against the United States. The Court recommends Defendants' Motions to Dismiss be denied without prejudice as to Plaintiff's *Bivens* claims against Defendants Polland, Kellar, Bonfiglio, and Wilner, and Plaintiff's claims for injunctive relief against the United States, with the caveat that Plaintiff must file a Second Amended Complaint curing his failure to allege personal participation with the requisite specificity.

---

[7]The Court dismisses this particular request for relief in Part III, Section B of this Recommendation, which evaluates Plaintiff's claim pursuant to 18 U.S.C. § 3621(b). The Court's Eighth Amendment analysis thus pertains only to Plaintiff's request for prospective injunctive relief in the form of mental health care and treatment and Plaintiff's request for money damages.

8

### A. Defendants Polland, Kellar, and Bonfiglio

Plaintiff alleges Dr. Polland, Dr. Kellar, and Susan Bonfiglio "denied the plaintiff medical care to treat his life threatening mental illness." (Docket #34 at 3.) However, Plaintiff pleads minimal facts describing how the Defendants failed to provide medical care and abstains completely from pleading any specific facts linking each individually named Defendant to his claims. Plaintiff states he has "begged each named defendant for help in obtaining treatment" and that Defendants are aware of his history of suicide attempts. Plaintiff further asserts Defendants prescribed medication to Plaintiff that caused "seizures, memory loss, confusion, anizaity [sic], and severe depression," and when Plaintiff complained of such side effects, "each of the named defendants [ ] simply told [Plaintiff] to "GO AWAY". One actually told [Plaintiff] to "GO KILL HIMSELF"." (*Id*. at 5 (emphasis in original).)

#### 1. *Bivens* claim

In his Complaint, Plaintiff relies on *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* in conjunction with 28 U.S.C. § 1331, commonly referred to as a *Bivens* action, to establish subject matter jurisdiction over his claims. 403 U.S. 388 (1971). In *Bivens*, the Supreme Court allowed suit for money damages against federal officers in their individual capacities who committed constitutional violations under color of federal law. Therefore, as a preliminary matter, the Court may consider Plaintiff's claim for money damages against Defendants Polland, Kellar, and Bonfiglio in their individual capacities, subject to the protections of qualified immunity.

A *Bivens* action requires an allegation of personal participation, demonstrating how each defendant caused the deprivation of a federal right. *E.g., Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise." *See Butler v. City of Norman*, 992 F. 2d 1053, 1055 (10th Cir. 1993).

Defendants contend, and the Court agrees, that Plaintiff's pleadings inadequately allege personal participation by Defendants Polland, Kellar, and Bonfiglio. However, considering a dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile,'" the Court refrains from dismissing Plaintiff's claims outright, and instead recommends the District Court deny Defendants' Motions without prejudice and allow Plaintiff an opportunity to submit a Second Amended Complaint. *Curley*, 246 F.3d at 1281-82 (citation omitted). Even though conclusory remarks fail to meet the standard of specificity required for *Bivens*, the Court believes Plaintiff's pleadings do not indicate it "is patently obvious [he] could not prevail on the facts alleged," because the facts as alleged indicate a potential violation of the Eighth Amendment, as evaluated below.

### 2. Deliberate Indifference

Under the Eighth Amendment, prisoners are constitutionally entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras,* 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Accordingly, prison officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and ... tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994)). Prisoners state a claim of cruel and unusual punishment under the Eighth Amendment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney,* 509 U.S. 25, 35 (1993); *Estelle,* 429 U.S. at 105. Plaintiff must show "deliberate refusal to provide medical attention, as opposed to a particular course of treatment."

*Fleming v. Uphoff*, 210 F.3d 289, 2000 WL 374295, at *2 (10th Cir. April 12, 2000) (quoting *Green*, 108 F.3d at 1303). The Tenth Circuit determined a prisoner is "merely required to provide 'a short and plain statement' of his Eighth Amendment claims, and 'malice, intent, knowledge, and other condition of mind of a person may be averred generally' in the complaint." *Beauclair v. Graves*, 227 F. App'x 773, 776 (10th Cir. 2007) (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1294 (10th Cir. 2006)).

Plaintiff must meet both the objective and subjective components constituting the test for deliberate indifference. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met "if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause." *Id*. (quoting *Kikumura*, 461 F.3d at 1291). The Tenth Circuit established "a medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Horton v. Ward*, 123 F. App'x 368, 371 (10th Cir. 2005) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 2005)).

The subjective component is met if the plaintiff demonstrates defendants "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159 (quoting *Kikumura*, 461 F.3d at 1293). The subjective component requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer*, 511 U.S. at 838). This component is equivalent to "criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of harm." *Beauclair*, 227 F. App'x at 776 (quoting *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005)). Substantial harm includes "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

The Court believes the facts, if true and if Plaintiff can demonstrate a more individualized

affirmative link between the named defendants and the alleged deprivation, indeed meet both the objective and subjective components of deliberate indifference to a serious medical need at this stage in the proceeding. A doctor and a lay person would surely recognize multiple attempts to take one's life, given the facts as described by Plaintiff, as indicative of a mental health care issue in need of treatment, in satisfaction of the objective prong. If the Defendants knew of Plaintiff's attempted suicides and history of a "life threatening mental illness," prescribed medication for such mental illness, and then disregarded Plaintiff's complaints of the medications' side effects by telling Plaintiff to "GO AWAY" or "GO KILL [YOUR]SELF," such actions also satisfy the subjective prong. (Docket #34 at 5 (emphasis in original).) Purposefully ignoring an inmate's complaint of "seizures, memory loss, confusion, anizaity [sic], and severe depression" resulting from prescribed medication and telling a known suicidal inmate to "go kill himself" constitutes criminal recklessness regarding a threat of substantial harm or death. (*Id*.) Therefore, the Court recommends Plaintiff be permitted the opportunity to proceed beyond a motion to dismiss in litigating his Eighth Amendment claim against Defendants Kellar, Polland, and Bonfiglio.

### 3. Qualified Immunity

The Court finds the question of qualified immunity moot at this stage of the proceedings, because Plaintiff has not properly pled personal participation to support his allegations of an Eighth Amendment violation. The Court may reconsider whether qualified immunity protects Defendants Polland, Kellar, and Bonfiglio after Plaintiff submits his Second Amended Complaint, if permitted to do so by the District Court.

Plaintiff may not prevail in his requests for injunctive relief from Defendants Polland, Kellar, and Bonfiglio, because "[f]ederal courts generally deem a suit for specific relief, *e.g.*, injunctive or declaratory relief, against a named officer of the United States to be a suit against the sovereign," which the Court further considers below. *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir.

2002) (citation omitted); *see also Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005). Furthermore, "a *Bivens* action may not be brought against federal agencies or agents acting in their official capacities." *Hatten v. White*, 275 F. 3d 1208, 12010 (10th Cir. 2002). Thus, to the extent Plaintiff requests injunctive relief or brings an official-capacity claim against the individually named Defendants, such claims should be dismissed.

However, because Plaintiff alleges enough facts which, accepted as true at this stage of the proceedings, indicate a potential violation of his Eighth Amendment right to proper medical care, the Court recommends the Motions to Dismiss, as they pertain to Plaintiff's claim for money damages against Defendants Polland, Kellar, and Bonfiglio, in their individual capacities, be denied without prejudice. Accordingly, the Court recommends Plaintiff be permitted an opportunity to file a Second Amended Complaint consistent with this Recommendation.[8]

### B.     *Defendant Wilner*

The only claim that the Court may consider regarding an individually named defendant in this matter is pursuant to *Bivens* for money damages against the officer in his or her individual capacity, subject to the protection of qualified immunity. Plaintiff describes only minimal facts indicating Defendant Wilner, as warden of the Florence Federal Correctional Institution, participated in the alleged Eighth Amendment violation. Namely, Plaintiff asserts that "the warden is directly responsible for all acts and conduct undertaken by his employee's [sic] and agents." (Docket #34 at 2.) Plaintiff also states he "begged *each* named defendant for help in obtaining treatment for his life threatening mental illness." (*Id.* at 5 (emphasis added).)

The Tenth Circuit determined a plaintiff bringing a *Bivens* action may not recover "on the

---

[8]As stated, a dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley*, 246 F.3d at 1281-82 (citation omitted).

doctrine of respondeat superior." *Proenza v. Greco*, 3 F. App'x 742, 745 (10th Cir. 2001); *Kite v. Kelley*, 546 F.2d 334, 337-8 (10th Cir. 1976). However, there are certain circumstances that could establish a warden's liability. *Green v. Fed. Bureau of Prisons*. No. 07-cv-1011-DME-MEH, 2009 WL 150650, at *5-6 (D. Colo. Jan. 21, 2009) (A warden may be held personally liable for violations of constitutional rights occurring in prison if the warden had knowledge of such and failed to prevent future harm, or in cases of alleged systemic misconduct. *See Steidl v. Gramely*, 151 F.3d 739, 741 (7th Cir. 1998); *Mead v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988)). Therefore, consistent with this Court's determination regarding Defendants Polland, Kellar, and Bonfiglio, the Court recommends Defendants' Motion to Dismiss be denied without prejudice insofar as allowing Plaintiff's *Bivens* claim for money damages to proceed against Defendant Wilner, and Plaintiff be permitted an opportunity to submit a Second Amended Complaint consistent with this Recommendation.[9]

### C. *Defendant Bureau of Prisons*

A "prisoner may not bring a *Bivens* claim against . . . the United States, or the BOP." *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Thus, Plaintiff's claim for money damages against the BOP must be dismissed. Additionally, the Court construes a claim for injunctive relief against an agency of the United States, such as the BOP, to be against the United States itself. *See, e.g., Kentucky*, 473 U.S. at 165 ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (stating federal agencies, like the United States as sovereign, are "shielded by sovereign immunity" (citation omitted)); *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("when an action is one against named individual defendants,

---

[9]*Id.*

but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." (citations omitted)). Therefore, the Court determines Plaintiff's claims against the BOP to be duplicative of his claims against the United States, and the Court recommends dismissal of the BOP.

## D. *Defendant United States*

In a lawsuit against the United States or an agency of the United States, the United States must waive its sovereign immunity and consent to suit in order for a court to exercise subject matter jurisdiction over the case. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Lonsdale v. United States*, 919 F.2d 1440, 1442-44 (10th Cir. 1990). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See, e.g., Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The Tenth Circuit concluded in a case similar to this that Section 702 of 5 U.S.C. allows a "general waiver of the government's sovereign immunity from injunctive relief." *Simmat*, 413 F.3d at 1233 (citation omitted) (holding sovereign immunity did not bar a federal prisoner's claim against prison dentists in their official capacities for injunctive relief in the form of dental care); *see also Green*, 2009 WL 150650, at *2. Therefore, the Court determines it may evaluate Plaintiff's claims for injunctive relief in the form of mental health care against the BOP and the individually-named Defendants in their official capacities as a claim for injunctive relief against the United States. *See, e.g., Kentucky*, 473 U.S. at 165; *Atkinson*, 867 F.2d at 590; *see also Wyoming*, 279 F.3d at 1225.

Sovereign immunity generally prohibits injunctions requiring affirmative actions by a federal actor, such as in this case. However, the Supreme Court recognized two exceptions to this general rule, "permitting suits for prospective relief when government officials act beyond the limits of statutory authority or when the statute from which government officials derive their authority is itself unconstitutional." *Simmat*, 413 F.3d at 1232-33 (citing *Larson v. Domestic & Foreign*

*Commerce Corp.*, 337 U.S. 682, 690 (1949)) (concluding sovereign immunity did not bar an inmate's claim for injunctive relief against prison dentists). Arguably, purposefully ignoring an inmate's complaint of "seizures, memory loss, confusion, anizaity [sic], and severe depression" resulting from prescribed medication and telling a known suicidal inmate to "go kill himself" exceeds any authority conveyed to prison officials because such alleged conduct violates the Eighth Amendment. Therefore, the Court recommends Plaintiff be permitted an opportunity to submit a Second Amended Complaint pleading with more particularity the alleged personal participation of Defendants Wilner, Polland, Kellar, and Bonfiglio for money damages in their individual capacities, and maintaining the United States as a party for the purposes of Plaintiff's requests for injunctive relief of mental health care needed to "stabilize his condition." (Docket #34 at 9.)

## V. Conclusion

Accordingly, for the reasons stated herein, the Court RECOMMENDS Defendants the United States, the Bureau of Prisons ("BOP") and Kellar's Motion to Dismiss Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed September 10, 2008; docket #39] be **granted in part** and **denied without prejudice in part** as follows:

> Plaintiff's Claims Two and Three be dismissed;
> 
> Plaintiff's Claim One against the BOP be dismissed;
> 
> Plaintiff's Claim One against Defendant Kellar in his official capacity be dismissed;
> 
> Plaintiff's Claim One for money damages against the United States be dismissed;
> 
> Plaintiff's Claim One for injunctive relief against Defendant Kellar be dismissed; and
> 
> Plaintiff be permitted to pursue his Claim One for money damages against Defendant Keller in his individual capacity and for injunctive relief against the United States with an opportunity to submit a Second Amended Complaint describing the allegations with more specificity within thirty days of the District Court's Order.

16

The Court RECOMMENDS Defendants Wilner, Polland, and Bonfiglio's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed December 29, 2008; docket #69] be **granted in part** and **denied without prejudice in part** as follows:

Plaintiff's Claims Two and Three be dismissed;

Plaintiff's Claim One for injunctive relief against Defendants Wilner, Polland, and Bonfiglio be dismissed;

Plaintiff's Claim One against Defendants Wilner, Polland, and Bonfiglio in their official capacities be dismissed; and

Plaintiff be permitted to pursue his Claim One for money damages against Defendants Wilner, Polland, and Bonfiglio in their individual capacities with an opportunity to submit a Second Amended Complaint describing the allegations with more specificity within thirty days of the District Court's Order.

Dated at Denver, Colorado, this 4th day of February, 2009.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge