IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00649-LTB-MEH

DAVID EARL ANTELOPE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
J.M. WILNER,
DR. POLLAND,
DR. KELLAR, and
SUSAN BONFIGLIO,

    Defendants.

---

**ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Pending before the Court is Defendants' Motion to Stay Discovery [filed April 15, 2009; docket #96]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the Motion has been referred to this Court. Oral argument would not materially assist the Court in its adjudication. Based on a clear right to relief as established by the Supreme Court and described herein, the Court decides the Motion without reviewing a response from Plaintiff. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Stay Discovery.

**I.**    **Background**

Plaintiff is a federal prisoner incarcerated at Florence Federal Correctional Institution. After a portion of his initial action filed March 31, 2008 survived two Motions to Dismiss, Plaintiff filed a Second Amended Complaint on March 27, 2009. (Docket #89.) In the Order on the two prior Motions to Dismiss, the Court specifically allowed Plaintiff leave to file the Second Amended Complaint "limited to an Eighth Amendment claim that alleges sufficient facts to state *Bivens* claims

against Defendants Wilner, Polland, Kellar, and Bonfiglio and an injunctive relief claim against the United States."[1] (Docket #85.) Consistent with the Court's Order, Plaintiff named the United States of America, J. M. Wilner, Warden of the Florence Federal Correctional Institution, Dr. Kellar, Dr. Polland, and Susan Bonfiglio as defendants. (Docket #89 at 2-3.)

Construing Plaintiff's Second Amended Complaint liberally, Plaintiff alleges Defendants failed to provide Plaintiff with care and treatment for Plaintiff's mental illness other than prescribing medications that caused negative side effects, in violation of the Federal Tort Claims Act and the Eighth Amendment prohibition against cruel and unusual punishment. (*See id*. at 4-9.) As relief, Plaintiff requests mental health care and treatment needed "to stabilize his condition," transfer to a correctional facility "properly equiped (sic) and staffed to treat the plaintiff's existing infirmatives (sic)," compensatory and punitive damages, and costs and fees related to his action. (*Id*. at 14.)

The individually named Defendants in their individual capacities and Defendant United States filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on April 10, 2009. (Docket #92.) In their Motion, Defendants contend Plaintiff "fails to state a plausible Eighth Amendment claim against Defendants Wilner, Polland, or Bonfiglio," and these three Defendants are entitled to qualified immunity. (*Id*. at 1.) Each Defendant also seeks to dismiss Plaintiff's Second Amended Complaint to the extent it pleads beyond the limits stated by the Court in deciding the two prior Motions to Dismiss. (*Id*.) Defendants then submitted the Motion to Stay Discovery presently before the Court, which asserts discovery in this matter should be stayed because the Motion to Dismiss is based in part on qualified immunity. (Docket #96 at 1.) Defendants believe

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

a stay of discovery should be imposed on the case in its entirety as Plaintiff's allegations "relate to the same core of operative facts (Plaintiff's medical treatment at FCI Florence), so discovery cannot continue . . . without eviscerating the protections" asserted for Defendants Wilner, Polland, and Bonfiglio. (*Id*. at 3-4.)

## II.     Discussion

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). As Defendants Wilner, Polland, and Bonfiglio raise qualified immunity as a defense in the pending Partial Motion to Dismiss, the Court must follow Supreme Court precedent regarding staying discovery until resolution of the immunity question. Thus, the Court grants the Motion to Stay as applied to Plaintiff's claims against Defendants Wilner, Polland, and Bonfiglio.

Defendants also request the Court to extend a stay of discovery to Defendant Kellar and the United States, in addition to the three Defendants asserting qualified immunity. Defendants contend, and the Court agrees, that because Plaintiff's Eighth Amendment claim against each of the named Defendants arise from the same facts, engaging in discovery regarding the two remaining Defendants would likely intrude on the protections against discovery in place for the other three.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02519-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, in

evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-1934, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a complete stay is appropriate here, pending the adjudication of the Partial Motion to Dismiss. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendants' burden. In light of the Supreme Court's instruction regarding qualified immunity, the Court finds that the potential harm to Plaintiff is outweighed by the burden on Defendants resulting from conducting and responding to discovery.

The remaining *String Cheese* factors (*i.e.*, the Court's efficiency and interests of nonparties and the public in general) do not prompt a different result. *See String Cheese,* 2006 WL 894955, at *2. Considering judicial efficiency and economy and the burden of discovery as described, the Court finds a complete stay to be appropriate at this stage of the litigation.

### III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed April 15, 2009; docket #96] is **granted**. Discovery is stayed pending

resolution of Defendants' Partial Motion to Dismiss.  The parties shall file a status report within three business days of receiving a ruling on the Partial Motion to Dismiss, indicating what changes in the Scheduling Order are needed.

Dated at Denver, Colorado, this 16th day of April, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge