IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00649-LTB-MEH

DAVID EARL ANTELOPE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
J.M. WILNER,
DR. POLLAND,
DR. KELLAR, and
SUSAN BONFIGLIO,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 18, 2009.**

    Plaintiff's Request for a Medical Transfer and Criminal Application Forms [filed May 13, 2009; docket #109] is **denied**. Plaintiff asks the Court for "the proper criminal complaint application forms packet" in order to file criminal charges against another inmate. (Docket #109 at 3.) Plaintiff also requests the Court to order an "immediate medical transfer" of Plaintiff to a "medical treatment center." (*Id.*) Regarding Plaintiff's first request, the Court lacks the ability to instigate criminal proceedings in the manner sought by Plaintiff. Plaintiff may contact the appropriate law enforcement agency to inquire about criminal charges.

    Prison officials retain "broad administrative and discretionary authority to manage and control the prison institution." *Penrod v. Zavaras,* 94 F.3d 1399, 1405 (10th Cir. 1996) (citing *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987)). The Tenth Circuit determined Section 3621(b) of 18 U.S.C. conveys discretion to the Bureau of Prisons in designating where a prisoner is incarcerated. *Wedelstedt v. Wiley*, 477 F.3d 1160, 1165-66 (10th Cir. 2007). Section 3621(b) "gives primary authority to the executive branch to determine the facility where a prisoner should be placed." *United States v. Roberts*, 190 F. App'x 717, 720 (10th Cir. 2006). The Court declines to intrude on the Bureau of Prison's discretion and executive branch authority under the facts of this case at this stage of the litigation; thus, Plaintiff's request for the Court to order him transferred to a medical center is denied.